IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MERCEDEE BOONE, an individual, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 2:13-CV-76-MHT |
| ) | |
| UNITED STATES OF AMERICA, ) DEPARTMENT OF EDUCATION; COAST ) PROFESSIONAL INC, a corporation ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

### I. PARTIES

1. Plaintiff Mercedee Boone is an individual over the age of nineteen (19) years and at all times material herein was a resident of Montgomery, Alabama.

2. Defendant Department of Education is an agency of the Department of the United States of America.

3. Defendant Coast Professional, Inc. is, upon information and belief a Louisiana corporation, whose **principal place of business** is in West Monroe, Louisiana, and does business is in this district.

## II. JURISDICTION

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1332, 1346, and 2201. Venue is proper in this Court pursuant to 28 U.S.C. § 1402.

## III. FACTUAL ALLEGATIONS

5. This case to recoup collections made against Mercedee Boone by the Defendants as a result of identity theft against Ms. Boone.

6. On or about January 25, 1988, an unknown individual signed a "Guaranteed Student Loan Application" for Southern Tech College. This individual signed as "Mercedee Boone" with the social security number XXX-XX-7767.

7. Ms. Boone did not sign this application or any other student loan applications.

8. Ms. Boone's actual social security number is the one listed on the application. However, However, that is where the similarities stop. The birthday listed on the application, "02/14/68" is incorrect. As listed on my client's birth certificate, her birthday is February 13, 1969. The address listed on the application "3562 Dudley Street" is not an address that Ms. Boone, nor her parents ever lived. Likewise, "3562" is a non-existing house number in Montgomery, Alabama; Dudley Street only runs from 3000 to 3032. The payment request for the Note

(which the undersigned assumes, on best evidence and belief, is the second and/or back page to the application) provides another address other than "3562 Dudley Street." Disturbingly, this document is dated "1/5/87," which is more than one year **prior to** the signing of the application.

9. The signature on the application does not resemble or match that of Ms. Boone's. But, the most important document for collection purposes, the "Guaranteed Student Loan Promissory Note" is **not signed or dated** by anyone, much less Ms. Boone.

10. Ms. Boone never enrolled, sought to enroll, took classes, or even met with anyone associated with Southern Tech in Montgomery, Alabama. In fact, at the time this application was made (either 1987 or 1988 depending on which document one would rely), Ms. Boone was not a high school graduate and would not have been eligible to enroll in college or to receive the a loan of this type. Rather, Ms. Boone received her GED in November 2005, eighteen years after the filing of this application. During the period in which the applications were allegedly signed, Ms. Boone was incarcerated in the Montgomery City jail for various offenses and at various times.

11. Nevertheless, sometime during the summer of 2011, the U.S. Department of Education, Federal Student Aid division, issued a garnishment order and, through Coast Professional, Inc., began garnishing Ms. Boones's wages

pursuant to their "Debt No. 6963422 and 6963492" and "Account No. 1002299455."

12. Ms. Boone filed the proper administrative paperwork with the Defendants requesting a hearing, objection to the garnishment, and reimbursement from the collections that had already occurred.

13. On or about August 20, 2012, the U.S. Department of Education ceased all garnishments and advised Ms. Boone and forwarded her application to the San Francisco service division for further review.

15. On or about September 19, 2012, the U.S. Department of Education wrote Ms. Boone and stated that her objections had been denied and that she was "responsible for paying any outstanding balance due on the loan(s)."

16. In this correspondence, the Department referenced "Debt ID G199305033042301" and "Debt ID G199304024000601."

17. The Department has not commenced garnishment activities. The Department has not reimbursed Ms. Boone for all back amounts that she paid. Ms. Boone has exhausted all her administrative remedies.

## IV. CAUSES OF ACTION

### Count One – Declaratory Judgment

Ms. Boone alleges and adopts each and every preceding paragraph as set forth herein above and further allege against each defendant, separately and

severally, as follows:

20. Ms. Boone is in doubt as to her rights and obligations under the alleged student loan application and seeks a declaration from this Court as to how to proceed, and requests this Court to declare that there exists no obligation for her to re-pay any further amount under these loans.

21. Ms. Boone further seeks a declaration from this Court that collection against her under these loans were void and all amounts taken must be re-paid with interest, costs, and penalties.

WHEREFORE, Plaintiff, Ms. Boone, respectfully requests this Honorable Court to declare and enter judgment as follows:

    a.    That she is not obligated under any debt instrument, loan, loan application with the defendants;

    b.    That she has no duty to pay, re-pay, or have garnished any monies as a result of any debt instrument, loan, loan application with the defendants;

    c.    That any collections made by the Defendants under the debt instrument, loan, loan applications listed are void;

    d.    That Defendants must re-pay all monies collected to Ms. Boone with interest, costs, and penalties, and

    e.    That the Court award such further relief as may be deemed

appropriate.

f. **Ms. Boone requests this Court order a speedy hearing on this action in accordance with Fed. R. Civ. Pro. 57.**

_/s/ Scott M. Speagle_
SCOTT M. SPEAGLE (0705-T-78-S)
Attorney for Mercedee Boone

OF COUNSEL:
WEBSTER, HENRY, LYONS, WHITE,
 BRADWELL & BLACK, P.C.
Post Office Box 239
Montgomery, Alabama 36101-0116
Telephone: (334) 264-9472
Facsimile: (334) 264-9599
Email: scott@websterhenry.com

## PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS:

United States Attorney for the Middle District of Alabama
George Beck
131 Clayton Street
Montgomery, Alabama 36104

Office of the Attorney General
Department of Justice
10th & Pennsylvania Ave., N.W.
Washington, D.C. 20530

Secretary, Department of Education
400 Maryland Ave, S.W.
Washington, D.C. 20202

Coast Professional, Inc.
214 Expo Circle, Ste.7
West Monroe, Louisiana 71292